**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Richard Theodore Fifer, | ) | No. CV 10-1727-PHX-RCB (JRI) |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| City of Phoenix, et al., | ) | |
| Defendants. | ) | |

On August 13, 2010, Plaintiff Richard Theodore Fifer, who is confined in the Arizona State Prison Complex-Yuma, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. In a September 23, 2010 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On October 14, 2010, Plaintiff filed his First Amended Complaint (Doc. 7). The Court will order Defendants McCraw, Friedman, and Maricopa County to answer Counts I and IV of the First Amended Complaint and will dismiss the remaining claims and Defendants without prejudice.

**I.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against

1  a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.
2  § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised
3  claims that are legally frivolous or malicious, that fail to state a claim upon which relief may
4  be granted, or that seek monetary relief from a defendant who is immune from such relief.
5  28 U.S.C. § 1915A(b)(1), (2).

6  A pleading must contain a "short and plain statement of the claim *showing* that the
7  pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not
8  demand detailed factual allegations, "it demands more than an unadorned, the-defendant-
9  unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).
10 "Threadbare recitals of the elements of a cause of action, supported by mere conclusory
11 statements, do not suffice."  Id.

12 "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a
13 claim to relief that is plausible on its face.'"  Id. (quoting Bell Atlantic Corp. v. Twombly,
14 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content
15 that allows the court to draw the reasonable inference that the defendant is liable for the
16 misconduct alleged."  Id.  "Determining whether a complaint states a plausible claim for
17 relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial
18 experience and common sense."  Id. at 1950.  Thus, although a plaintiff's specific factual
19 allegations may be consistent with a constitutional claim, a court must assess whether there
20 are other "more likely explanations" for a defendant's conduct.  Id. at 1951.

21 But as the United States Court of Appeals for the Ninth Circuit has instructed, courts
22 must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, No. 07-17265, 2010 WL
23 2947323, at *3 (9th Cir. Jul. 29, 2010).  A "complaint [filed by a *pro se* prisoner] 'must be
24 held to less stringent standards than formal pleadings drafted by lawyers.'"  Id. (quoting
25 Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

26 **II.    First Amended Complaint**

27 In his four-count First Amended Complaint, Plaintiff sues the following Defendants:

28

1 City of Phoenix, Phoenix Police Officer Michael McCraw, Maricopa County,[1] and Dr.
2 Friedman.

3 In Count I, Plaintiff claims that Defendant McCraw used excessive force in violation
4 of the Fourteenth Amendment when he stopped Plaintiff for questioning. Plaintiff alleges
5 that at the time of the incident, he was riding a bicycle when Defendant McCraw instructed
6 Plaintiff, through an open car window, to "pull to the side of the street." Plaintiff understood
7 this to mean to ride closer to the curb. Plaintiff states that the police cruiser continued to
8 follow Plaintiff for a short time and then deliberately turned sharply in front of Plaintiff
9 causing Plaintiff to crash into the police cruiser. Plaintiff states that Defendant McCraw did
10 not use his lights or siren at any time, Plaintiff was not a suspect in any crime at the time, and
11 Plaintiff was not fleeing or attempting to resist arrest. Plaintiff states that as a result of the
12 crash, he suffered scraps and bruises, aggravation to his existing hernia, and spinal injuries
13 that lead to neuropathy in his lower extremities.

14 In Count II, Plaintiff claims that his Fourteenth Amendment property rights were
15 violated when Phoenix Police Officers returned his bicycle to the apartment complex where
16 Plaintiff lived. The bicycle is now missing and Plaintiff claims that Defendants returned the
17 bicycle to the complex to deliberately deprive him of his property.

18 In Count III, Plaintiff claims that his Fourteenth Amendment rights were violated
19 when, despite a medical order for a lower bunk, he was assigned to a top bunk for over two
20 months.

21 In Count IV, Plaintiff claims that his Fourteenth Amendment rights were violated
22 when Defendant Friedman refused to prescribe effective medications or surgeries even
23 though he was aware that Plaintiff suffered for several months from a hernia, back and spinal
24 injuries, and numbness and partial paralysis in Plaintiff's lower extremities. Plaintiff alleges

25

---

26 [1]The docket lists "Maricopa County Board of Supervisors" as a Defendant to this
27 action. However, in both the caption and the list of Defendants on page two of the Amended
Complaint, Plaintiff lists only "Maricopa County" as Defendant. The Court will therefore
28 instruct the Clerk of Court to correct the docket to reflect Maricopa County, not the Maricopa
County Board of Supervisors, as a Defendant in this action.

1 that he suffered unnecessary pain because of the ineffective medications and that his hernia 2 became significantly worse because of the delay in receiving surgery.  Plaintiff also claims 3 that Maricopa County has a custom of "proscrastinat[ing] as long as possible until the patient 4 is released or transferred to the Arizona State Department of Corrections" and that the 5 County "must surely be aware of this unwritten yet practi[c]ed policy."

6 Plaintiff seeks money damages.

## III. Failure to State a Claim

### A. City of Phoenix

A municipality may not be sued solely because an injury was inflicted by one of its employees or agents.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Rather, the municipality is liable only when the execution of its policy or custom inflicts the constitutional injury.  Id.; Miranda v. City of Cornelius, 429 F.3d 858, 868 (9th Cir. 2005).

In Count I, Plaintiff alleges that Defendant McCraw's failure to use lights or sirens during a stop was a *violation* of Phoenix Police Department Policies.  Accordingly, Plaintiff has not shown that his injuries were caused by a policy of the City of Phoenix.

Plaintiff further claims that the City of Phoenix failed to adequately train its police officers.  To prevail on a failure to train theory, a plaintiff must show (1) an inadequate training program, (2) deliberate indifference on the part of the municipality in adequately training its officers, and (3) that the inadequate training actually caused a deprivation of constitutional rights.  Merritt v. County of Los Angeles, 875 F.2d 765, 770 (9th Cir. 1989). Plaintiff has not alleged facts showing that the City of Phoenix was deliberately indifferent in training its officers; Plaintiff has made only conclusory allegations that training was inadequate.  Conclusory allegations are not sufficient to state a claim and the Court will therefore dismiss Defendant City of Phoenix.

### B. Count II–Property

In Count II, Plaintiff claims that his bicycle was seized during his arrest and that the officers later returned the bicycle to Plaintiff's residence.  Plaintiff states the bicycle is now missing.

1  Plaintiff's facts demonstrate, at best, that Defendants may have been negligent in
2  returning Plaintiff's property to Plaintiff's apartment complex.  Plaintiff has failed to state
3  a claim pursuant to 42 U.S.C. § 1983.  "[T]he Due Process Clause [of the Fourteenth
4  Amendment] is simply not implicated by a negligent act of an official causing unintended
5  loss or injury to life, liberty, or property."  Daniels v. Williams, 474 U.S. 327, 328 (1986)
6  (emphasis in original).  Although Plaintiff claims that Defendants returned the bicycle to his
7  apartment in a deliberate attempt to "deprive [Plaintiff] of said property," Plaintiff offers no
8  facts in support of this conclusion.  Plaintiff has therefore failed to state a claim in Count II
9  and Count II will be dismissed.

### C.   Count III–Medical Care

11  Not every claim by a prisoner relating to inadequate medical treatment states a
12  violation of the Eighth or Fourteenth Amendment.  To state a § 1983 medical claim, a
13  plaintiff must show that the defendants acted with "deliberate indifference to serious medical
14  needs."  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429
15  U.S. 97, 104 (1976)).  A plaintiff must show (1) a "serious medical need" by demonstrating
16  that failure to treat the condition could result in further significant injury or the unnecessary
17  and wanton infliction of pain and (2) the defendant's response was deliberately indifferent.
18  Jett, 439 F.3d at 1096 (quotations omitted).

19  "Deliberate indifference is a high legal standard."  Toguchi v. Chung, 391 F.3d 1051,
20  1060 (9th Cir. 2004).  To act with deliberate indifference, a prison official must both know
21  of and disregard an excessive risk to inmate health; "the official must both be aware of facts
22  from which the inference could be drawn that a substantial risk of serious harm exists, and
23  he must also draw the inference."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  Deliberate
24  indifference in the medical context may be shown by a purposeful act or failure to respond
25  to a prisoner's pain or possible medical need and harm caused by the indifference.  Jett, 439
26  F.3d at 1096.  Deliberate indifference may also be shown when a prison official intentionally
27  denies, delays, or interferes with medical treatment or by the way prison doctors respond to
28  the prisoner's medical needs.  Estelle, 429 U.S. at 104-05; Jett, 439 F.3d at 1096.

1   In Count III, Plaintiff claims that Defendant Friedman issued a medical order for
2   Plaintiff to be assigned to a lower bunk. Plaintiff was assigned to a top bunk for two months.
3   Plaintiff claims that Defendant Friedman is liable because he failed to ensure that his medical
4   order was carried out. Plaintiff has not demonstrated that Defendant Friedman was
5   deliberately indifferent to Plaintiff's medical needs because Plaintiff has not alleged facts
6   showing that Defendant Friedman had any authority over bunk assignments.

7   Further, Plaintiff has failed to link this allegation with any other named Defendant.
8   Plaintiff has not identified the individuals responsible for ignoring his doctor's order and
9   assigning Plaintiff to a top bunk. Plaintiff's allegation that a notice was posted that said
10  "refusing a cell assignment for any reason will result in disciplinary action" is not sufficient
11  to show that Defendants were deliberately indifferent to Plaintiff's medical needs. To the
12  extent that Plaintiff claims the notice demonstrated a general policy, Plaintiff has not linked
13  that policy to a specifically named Defendant. Count III fails to state a claim and will be
14  dismissed.

15  **IV.    Claims for Which an Answer Will be Required**

16  Liberally construed, Plaintiff has stated a Fourth Amendment excessive force claim
17  in Count I against Defendant McCraw. The Court will require Defendant McCraw to answer
18  Count I of the Amended Complaint.

19  Plaintiff has also adequately stated an Eighth and Fourteenth Amendment medical
20  claim in Count IV against Defendants Friedman and Maricopa County. The Court will
21  require Defendants Friedman and Maricopa County to answer Count IV.

22  **V.    Warnings**

23  **A.    Release**

24  Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.
25  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay
26  the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result
27  in dismissal of this action.

28  . . .

**B.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C.    Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    The Clerk of Court must change the docket to replace Defendant "Maricopa County Board of Supervisors" with Defendant "Maricopa County."

(2)    Counts II and III are **dismissed** without prejudice.

(3)    Defendant City of Phoenix is **dismissed** without prejudice.

(4)    Defendants McCraw, Friedman, and Maricopa County must answer Counts I and IV.

(5)    The Clerk of Court must send Plaintiff a service packet including the First Amended Complaint (Doc. 7), this Order, and both summons and request for waiver forms for Defendants McCraw, Friedman, and Maricopa County.

(6)    Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide

1 service of process if Plaintiff fails to comply with this Order.

2 　　　(7)　　If Plaintiff does not either obtain a waiver of service of the summons or
3 complete service of the Summons and First Amended Complaint on a Defendant within 120
4 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever
5 is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m);
6 LRCiv 16.2(b)(2)(B)(I).

7 　　　(8)　　The United States Marshal must retain the Summons, a copy of the First
8 Amended Complaint, and a copy of this Order for future use.

9 　　　(9)　　The United States Marshal must notify Defendants of the commencement of
10 this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal
11 Rules of Civil Procedure and Rule 4(j)(2) of the Federal Rules of Civil Procedure and Rule
12 4.1(c) of the Arizona Rules of Civil Procedure.  The notice to Defendants must include a
13 copy of this Order.  The Marshal must immediately file requests for waivers that were
14 returned as undeliverable and waivers of service of the summons.  If a waiver of service of
15 summons is not returned by a Defendant within 30 days from the date the request for waiver
16 was sent by the Marshal, the Marshal must:

17 　　　　　(a)　　personally serve copies of the Summons, First Amended Complaint, and
18 　　　this Order upon Defendant pursuant to Rule 4(e)(2) and Rule 4(j)(2) of the Federal
19 　　　Rules of Civil Procedure; and

20 　　　　　(b)　　within 10 days after personal service is effected, file the return of service
21 　　　for Defendant, along with evidence of the attempt to secure a waiver of service of the
22 　　　summons and of the costs subsequently incurred in effecting service upon Defendant.
23 　　　The costs of service must be enumerated on the return of service form (USM-285) and
24 　　　must include the costs incurred by the Marshal for photocopying additional copies of
25 　　　the Summons, First Amended Complaint, or this Order and for preparing new process
26 　　　receipt and return forms (USM-285), if required. Costs of service will be taxed against
27 　　　the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil
28 　　　Procedure, unless otherwise ordered by the Court.

(10) **A Defendant who agrees to waive service of the Summons and First Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(11) Defendants must answer the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(13) This matter is referred to Magistrate Judge Jay R. Irwin pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 10th day of December, 2010.

_____
Robert C. Broomfield
Senior United States District Judge