1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

**Richard Theodore Fifer,**
Plaintiff
-vs-
**City of Phoenix, et al.,**
Defendants

CV-10-1727-PHX-RCB (JRI)

**ORDER and**
**REPORT AND RECOMMENDATION**

**Leave to Amend** - Under consideration is Plaintiff's Motion to Amend , filed January 27, 2011 (Doc. 13). Plaintiff seeks leave to file his proposed Second Amended Complaint, attached as Exhibit 1 (Doc. 13-1) to his motion.  No Defendant has been served or appeared, and thus no response has been filed.

Rule 15(a)(2), Federal Rules of Civil Procedure, provides that successive amendments require leave of the Court, and the "court should freely give leave [to amend] when justice so requires."  Consequently, Plaintiff's motion will be granted.

**Screening Required** - However, 28 U.S.C. § 1915A requires the Court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. The Court must dismiss a complaint or portion thereof if the Plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  *Id.*  42 U.S.C. § 1997 applies the same standard to such complaints even if the defendants are  not governmental entities, or officers or employees of a governmental entity.  *Id.*

In screening complaints, however, the Court is obliged to liberally construe the Plaintiff's complaint:

> The handwritten pro se document is to be liberally construed. . . . [A] pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears " 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' "

*Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).

This matter is before the undersigned on referral from the District Judge, and the determination of the undersigned is dispositive of some of Plaintiff's claims. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 72(b), Federal Rules of Civil Procedure, and 28 U.S.C. §28(b)(1)(B) and (C).

**First Amended Complaint** - In his first Amended Complaint (Doc. 7), Plaintiff sued: City of Phoenix, Phoenix Police Officer Michael McCraw, Maricopa County, and Dr. Friedman. He asserted for counts arising out of his apprehension while riding a bicycle, and ensuing events, including:

(1) **Excessive Force** - that Defendant McCraw used excessive force in violation of the Fourteenth Amendment when he stopped Plaintiff for questioning by causing Plaintiff to crash his bicycle into the officer's car;

(2) **Property Loss** - that his Fourteenth Amendment property rights were violated when Phoenix Police Officers returned his bicycle to the apartment complex where Plaintiff lived, resulting in its loss;

(3) **Top Bunk Assignment** - his Fourteenth Amendment rights were violated when, despite a medical order for a lower bunk, he was assigned to a top bunk for over two months; and

(4) **Refusal to Treat** - his Fourteenth Amendment rights were violated when Defendant Friedman refused to prescribe effective medications or surgeries even though he was aware that Plaintiff suffered for several months from a hernia, back and spinal injuries, and numbness and partial paralysis in

1    Plaintiff's lower extremities

2    Upon screening, the Court dismissed the City of Phoenix, and Counts II and III.

3    Defendants McCaw, Friedman and Maricopa County were ordered to answer Counts I and

4    IV.  (Order 12/10/10 at 7.)

5    **Second Amended Complaint** - In his proposed Second Amended Complaint,

6    Plaintiff continues to name the same four defendants: City of Phoenix, McCraw, Maricopa

7    County, and Dr. Friedman, as well as the same for counts.  Plaintiff has expanded the

8    supporting facts on all four counts, summarizing that "the nature and substance of Plaintiff

9    Fifer[']s Complaint remain unchanged, while changes are meant to adequately state a claim."

10   (Doc. 13 at 3.)   He clarifies that he "does not argue dismissing 'City of Phoenix' as a

11   Defendant, though requests the Court to order Defendant 'Maricopa County' answer[ ] to

12   Count III."  (*Id.* at 2.)

13   **Maricopa County** - As in his First Amended Complaint, Plaintiff names "Maricopa

14   County" but references the Maricopa County Board of Supervisors. (*See* Order 12/10/10 at

15   3, n. 1.)  Plaintiff has not modified his nomenclature, and thus the undersigned construes this

16   proposed amendment as continuing to assert claims against "Maricopa County."

17   **City of Phoenix** - The City of Phoenix was dismissed on the First Amended

18   Complaint because of Plaintiff's failure to sufficiently allege a claim for municipal liability

19   as a result of policy or custom.  (Order 12/10/10 at 4.)  Plaintiff does not purport to cure this

20   deficiency, and anticipates the continued dismissal of the City of Phoenix, which the

21   undersigned will recommend.

22   **Count I Excessive Force** - An answer were previously  required from Defendant

23   Officer McCraw as to Count I (excessive force).  No answer was required as to the

24   allegations concerning the City of Phoenix.  With regard to Count I, Plaintiff relates that he

25   has revised his Statement of Claim at page 3-d. (Motion, Doc. 13 at 2.)  Indeed, Plaintiff has

26   supplanted his allegations against the City of Phoenix with a recap of his excessive force

27   claim against Officer McCraw.  Thus, Count I continues to state a claim for excessive force

28   against Officer McCraw, and an answer to this claim should be required.

1    **Count II Property Loss** - In his prior Count II, Plaintiff claimed that his bicycle was

2    seized during his arrest and that the officers later returned the bicycle to Plaintiff's residence,

3    and that it is now missing. The Court dismissed this count, finding that Plaintiff's facts

4    demonstrated at best negligence and offered no facts in support of his conclusion that the loss

5    of the bicycle was intended. (Order 12/10/10 at 4-5.)

6    Plaintiff has added pages 4-A and 4-B in an attempt to elaborate on the facts and state

7    a claim.  In those pages, Plaintiff repeats his allegations that the return of the bicycle to his

8    apartment was a deliberate act intended to deprive him of evidence to support his excessive

9    force claim.  But those same allegations were included, albeit more succinctly, in his prior

10   claim, *e.g.* that "'returning the bicycle' was a ruse to dispose of evidence that could

11   incriminate the officers for excessive force...[and] the loss of Fifer's property was the direct

12   result of a deliberate act of ...McCraw to deprive him of said property."  Plaintiff adds no

13   new facts (as opposed to conclusory arguments) to show that such deprivation was

14   intentional.

15   Accordingly, Count II continues to fail to state a claim, and should be dismissed.

16   **Count III Top Bunk Assignment** - In his prior Count III, Plaintiff claimed that he

17   had a medical order from Defendant Friedman that he be assigned to a lower bunk, but

18   argued that Friedman failed to insure that this order was carried out.  The Court dismissed

19   this Count on the basis that Plaintiff failed to offer facts to show that "Friedman had any

20   authority over bunk assignments" and failed to connect the facts to any other defendant.

21   Plaintiff now adds pages 5-B, 5-C, and 5-D to his complaint, which assert that the

22   assignments of bunks was the responsibility of unknown detention officers and asserts that

23   Maricopa County is liable for its' officers' failures.

24   This claim continues to fail to state a claim against Dr. Friedman.

25   Plaintiff fails to name any detention officers, by actual or fictitious name, thus none

26   have been made a party and none can be directed to respond.  Moreover, Plaintiff makes no

27   effort to identify any particular detention officers, but simply makes allegations against the

28   "detention officers on duty" and their supervisors.

- 4 -

1    Because municipal liability must rest on the actions of the municipality, and not the
2    actions of the employees of the municipality, a plaintiff must go beyond the *respondeat*
3    *superior* theory of liability and demonstrate that the alleged constitutional deprivation was
4    the product of a policy or custom of the local governmental unit.  *See Bd. of County Comm'rs*
5    *v. Brown*, 520 U.S. 397, 403 (1997).  Plaintiff alleges neither a policy nor custom maintained
6    by Maricopa County to ignore orders of the sort issued by Dr. Freidman.

7    Accordingly, Count III continues to fail to state a valid claim against any named
8    defendant, and should be dismissed.

9    **Count IV Refusal to Treat** - Defendant Friedman and Maricopa County were
10   ordered to answer Plaintiff's original Count IV, which alleges Dr. Friedman refused Plaintiff
11   needed medical treatment and that such refusal was the result of a custom of Maricopa
12   County of delaying treatment until prisoners were transferred to the Arizona Department of
13   Corrections.  Plaintiff has now added page 6-B to this Count, which simply reiterates his
14   allegations of a refusal to treat and a custom of delaying treatment.  Accordingly, this Count
15   continues to state the same claim against Defendants Friedman and Maricopa County.

16
17                               **ORDERS**
18   **IT IS THEREFORE ORDERED** that  Plaintiff's Motion to Amend , filed January
19   27, 2011 (Doc. 13) is **GRANTED**.

20   **IT IS FURTHER ORDERED** that Plaintiff's proposed Second Amended Complaint
21   (Doc. 13-1) be **FILED**.

22
23                          **RECOMMENDATIONS**
24   **IT IS THEREFORE RECOMMENDED** that Defendant City of Phoenix and
25   Counts II and III of Plaintiff's Second Amended Complaint be **DISMISSED WITHOUT**
26   **PREJUDICE**.

27   **IT IS FURTHER RECOMMENDED** that Defendants McCraw, Friedman, and
28   Maricopa County be required to answer Counts I and IV of Plaintiff's Second Amended

Complaint.

**IT IS FURTHER RECOMMENDED** that service on Defendants McCraw, Friedman, and Maricopa County be ordered as follows:

(1)     The Clerk of the Court shall send Plaintiff a service packet including both summons and request for waiver forms for said Defendant(s).

(2)     Plaintiff shall complete and return the service packet to the Clerk of the Court within 20 days of the date of the filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(3)     The United States Marshal shall retain the Summons, a copy of the Second Amended Complaint, and a copy of this Order for future use.

(4)     The United States Marshal shall notify said Defendant(s) of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to said Defendant shall include a copy of this Order.  The Marshal shall file waivers of service of the summons or requests for waivers that were returned as undeliverable as soon as they are received.  If a waiver of service of summons is not returned by any such Defendant within thirty days from the date the request for waiver was sent by the Marshal, the Marshal shall:

       (a)     Personally serve copies of the Summons, Second Amended Complaint and this Order upon such Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure.

       (b)     Within ten days after personal service is effected, file the return of service for the Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon the Defendant.  The costs of service shall be enumerated on the return of service form (USM-285) and shall include the costs incurred by the Marshal for photocopying additional copies of the Summons, Second Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if

required.  Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(5)    Defendants who agree to waive service of the Summons and Second Amended Complaint shall return signed waiver forms to the United State Marshal, and not to Plaintiff.

(6)    Said Defendant(s) shall answer the Second Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(7)    Any answer or responsive pleading shall state the specific Defendant(s) by name on whose behalf it is filed.  The Court may strike any answer, responsive pleading, or other motion or paper that does not identify the specific Defendant(s) by name on whose behalf it is filed.

## EFFECT OF RECOMMENDATION

The recommendations contained herein are not orders that are immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72, Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues,  *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*),  and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th

1    Cir. 2007).

2

3

     DATED: February 16, 2011                    _____
4                                                              JAY R. IRWIN
5                                                       United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28