**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| RICHARD THEODORE FIFER,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF PHOENIX, et al.,<br><br>Defendants. | No. CV 10-1727-PHX-RCB (JRI)<br><br>**ORDER** |

Plaintiff Theodore Fifer brought this civil rights action under 42 U.S.C. 1983 against Phoenix Police Officer McCraw for the alleged use of excessive force and against Maricopa County and county employee Dr. Friedman for the alleged denial of medical treatment (Doc. 17).[1] Before the Court are McCraw's Motion to Dismiss (Doc. 25) and Supplemental Motion to Dismiss (Doc. 28), and Dr. Friedman and Maricopa County's Motion to Dismiss (Doc. 26).

The Court will grant Defendants' motions and terminate the action.

**I.    Background**

Plaintiff's first claim stemmed from his arrest on August 24, 2009 (Doc. 17 at 3). Plaintiff alleged that he was riding his bike near the scene of a bank robbery when McCraw drove by in a police car and instructed Plaintiff to pull to the side of the street (id.). Plaintiff

---
[1] Upon screening of the Second Amended Complaint, the Court dismissed the City of Phoenix as a Defendant (Doc. 20, adopting R & R at Doc. 16).

averred that he responded by pulling closer to the curb, but then McCraw turned the car sharply in front of Plaintiff and caused a collision that knocked Plaintiff onto the sidewalk (id. at 3-3A). Plaintiff claimed that he suffered multiple bruises and abrasions, an aggravated hernia, chronic pain, and spinal problems that led to neuropathy (id. at 3, 3B).

Plaintiff's second claim arose after his arrest and placement in the Maricopa County Jail (id. at 6). He asserted that upon arrival at the jail, he was screened and diagnosed with a hernia (id.). But, according to Plaintiff, despite his repeated complaints about back pain and numbness, his back was not examined until several months later (id.). Plaintiff alleged that Dr. Friedman was aware of Plaintiff's expanding hernia and back and spinal problems and refused to prescribe effective medications, examinations, and surgeries (id.). Plaintiff claimed that he suffered significant pain, that he is at risk of a persistent disability, and that he may suffer permanent neuropathy (id. at 6-6A). Plaintiff alleged that the delay and denial of treatment was pursuant to a custom or unwritten policy at the jail to delay care as long as possible until patients are released or transferred to the prison (id. at 6B).[2]

McCraw filed a Motion to Dismiss the excessive-force claim on the grounds that (1) Plaintiff improperly served him and (2) the abstention doctrine precludes the Court from hearing Plaintiff's claim because Plaintiff filed an action in state court raising the same excessive-force claim against McCraw and that case is currently pending (Doc. 25).

McCraw then filed a Supplemental Motion to Dismiss in which he stated that since filing his original motion, the state court had granted McCraw's Motion for Judgment on the Pleadings and dismissed Plaintiff's § 1983 excessive-force claim (Doc. 28). McCraw argued that Plaintiff's excessive-force claim in the instant action is now barred by res judicata (id. at 2).

Meanwhile, Dr. Friedman and Maricopa County filed a Motion to Dismiss on the grounds that (1) Plaintiff failed to exhaust administrative remedies and (2) Plaintiff's claims

---

[2]Plaintiff's excessive-force claim and medical-care claim are set forth in Counts I and IV of the Second Amended Complaint (Doc. 17). The Court dismissed Counts II and III (Doc. 20, adopting R & R at Doc. 16).

1 are barred by res judicata (Doc. 26).  These Defendants referred to the same state court case referenced by McCraw, which they state raised the same medical care claims as asserted in this action (id.).

The Court issued an Order notifying Plaintiff of his obligation to respond to Defendants' motions (Doc. 27).  Plaintiff did not file any response to any of the motions.

Because all Defendants argue that Plaintiff's claims are barred by res judicata, the Court will address that issue first.

**II.    Governing Legal Standard**

Res judicata can be raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  See Intri-Plex Techs., Inc. v. Crest Group, Inc., 499 F.3d 1048, 1052 (9th Cir. 2007); Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir. 1984) (per curiam).

When ruling on a Rule 12(b)(6) motion to dismiss, a court must accept as true all the factual allegations contained in the complaint.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Generally, a court may not consider material outside the pleadings; however, it may take judicial notice of matters of public record without converting the motion to dismiss into a motion for summary judgment.  United States v. Ritchie, 342 F.3d 903, 907-08 (9th Cir. 2003); U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (a court may take judicial notice of proceedings in other federal or state courts); Fed. R. Evid. 201.  "If, in evaluating a motion to dismiss on res judicata grounds, disputed issues of fact are raised, the defense cannot be resolved."  Takahashi v. Farmers Ins. Group-Merced Office, 2010 WL 842723, at *3 (E.D. Cal. 2010) (citing Scott, 746 F.2d at 1378).

**III.   Res Judicata**

"The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'"  Taylor v. Sturgell, 553 U.S. 880, 892 (2008).  The doctrine of res judicata bars the re-litigation of claims previously decided on their merits.  Headwaters, Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1051 (9th Cir. 2005).  Res judicata is applicable to § 1983 actions.  Clark v. Yosemite Cmty. Coll. Dist.,

785 F.2d 781, 788 n. 9 (9th Cir. 1986) (noting that there is no exception to the rules of issue and claim preclusion for federal civil rights actions brought under § 1983).

Here, Defendants raise the issue of claim preclusion, which provides that a final judgment on the merits of an action precludes the parties from litigating the same claims that were or could have been raised in that action. See Taylor, 553 U.S. at 892. "The elements necessary to establish res judicata are: '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'" Headwaters, 399 F.3d at 1052 (quoting Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.3d 1064, 1077 (9th Cir. 2003)); see United States v. Liquidators of European Fed. Credit Bank, 630 F.3d 1139, 1150 (9th Cir. 2011).

The party asserting preclusion bears the burden of establishing the requirements of res judicata, including the existence of a prior final judgment on the merits. See Taylor, 553 U.S. at 907.

**A.  Identity of Claims**

The Ninth Circuit has identified four factors to be considered when determining whether successive lawsuits involve the same cause of action: "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts," which is the most important factor. Headwaters, 399 F.3d at 1052 (citation omitted).

Both of Defendants' motions attach a copy of Plaintiff's Amended Complaint in Case Number CV 2010-015433, which was filed in the Superior Court in Maricopa County on November 15, 2010 (Doc. 25, Ex. 2; Doc. 26, Ex. C). In Count I of his state-court pleading, Plaintiff set forth an excessive-force claim against McCraw arising from his August 24, 2009 arrest that is identical to his claim against McCraw in this action (Doc. 25, Ex. 2 at 5). Plaintiff also claims the exact same injuries and "statement of claim" that are asserted in his federal court action (id. at 6-8). In Count IV of his state-court pleading, Plaintiff set forth a

1  medical-care claim against Dr. Friedman that mirrors the claim in the federal action, and he
2  also alleges the same claim against Maricopa County based on a custom of delaying medical
3  care (id. at 15, 17).

4  With his Supplemental Motion to Dismiss, McCraw attaches a copy of the July 14,
5  2011 Minute Entry in CV 2010-015433, which indicates that McCraw's Motion for
6  Judgment on the Pleadings is granted (Doc. 28, Ex. Ex. A). Dr. Friedman and Maricopa
7  County attach a copy of the February 4, 2011 Judgment in their favor in CV 2010-015433,
8  based on the superior court's previous order that granted these Defendants' Motion to
9  Dismiss Plaintiff's First Amended Complaint in that case (Doc. 26, Ex. D; see CV 2010-
10 015433, Jan. 6, 2011 Minute Entry).[3]

11 These court records show that Plaintiff's state court case and pending federal court
12 action arise from the exact same facts, they concern infringement of the same rights, the same
13 evidence is necessarily required in both cases, and Defendants' interests in the state court
14 judgment would be impaired if they were required to defend against the identical claims in
15 this action. Accordingly, the Court finds that the state and federal lawsuits involve the same
16 causes of action, and the first element necessary to establish res judicata is met.

**B.     Final Judgment on the Merits**

18 "To determine the preclusive effect of a state court judgment, federal courts look to
19 state law." Intri-Plex Techs., Inc., 499 F.3d at 1052. Arizona law provides that "a final
20 judgment on the merits absolutely bars a subsequent suit involving the same cause of action."
21 Sunkist Growers Inc. v. Fisher, 104 F.3d 280, 283 (9th Cir. 1997) (quotation omitted).

22 McCraw asserts that the state court reached a final judgment on the merits of the claim
23 against him (Doc. 28 at 3). In failing to respond to McCraw's Supplemental Motion to
24 Dismiss, Plaintiff does not dispute that there was a final judgment on the merits of his state
25 court claim. See 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and
26 Procedure § 1372 (3d ed. 2004) (a grant of a motion for judgment on the pleadings

---

28    [3]See Clerk of Superior Court's Office, Maricopa County website, http://www.courtminutes.maricopa.gov/JONamesearch.asp.

constitutes a final judgment on the merits of the controversy within the meaning of Federal Rule of Civil Procedure 54).

Whether the grant of a motion to dismiss constitutes a final judgment on the merits depends on the ground for dismissal. Dr. Friedman and Maricopa County do not submit a copy of their state court motion to dismiss or specify the grounds for dismissal in that lawsuit. In citing to <u>Federated Dep't Stores, Inc. v. Moitie</u>, 452 U.S. 394, 399 n. 3 (1981), for the proposition that dismissal for failure to state a claim is a judgment on the merits, Defendants suggest that the state court dismissal was based on the failure to state claim (Doc. 26 at 9). More importantly, however, Plaintiff does not dispute that in granting Dr. Friedman and Maricopa County's Motion to Dismiss, the state court issued a final judgment on the merits of the claims against them.

On this record, the Court finds that there was a final judgment on the merits in the state court proceeding.

**C.     Privity**

Whether there is privity between the parties is easily answered. The defendants in the state court action are the identical Defendants named in the federal court action.

In light of the above, the Court finds that res judicata bars Plaintiff from litigating the claims in this action against McCraw, Dr. Friedman, and Maricopa County. Dr. Friedman and Maricopa County's Motion to Dismiss and McCraw's Supplemental Motion to Dismiss will be granted on this basis, and the Court need not address the remaining arguments.

**III.    Lack of Response**

Alternately, the Court has the discretion under Local Rule of Civil Procedure 7.2(I) to deem Plaintiff's lack of response as consent to granting Defendants' motions. See <u>Ghazali v. Moran</u>, 46 F.3d 52, 53-54 (9th Cir. 1995) (upholding dismissal based on failure to comply with local rule that failure to respond to a motion constitutes consent to granting of the motion). Before dismissal on this basis, the court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their

merits; and (5) the availability of less drastic sanctions." Id. at 53 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). If the court does not consider these factors, the record may be reviewed independently on appeal for abuse of discretion. Henderson, 779 F.2d at 1424.

Here, the first two factors favor dismissal. "[T]he public's interest in expeditious resolution of litigation always favors dismissal," Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999), and the second factor favors dismissal in most cases. Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990). In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The third factor also favors dismissal. There is no risk of prejudice to Defendants in granting their motions.

Public policy favors disposition of cases on their merits, so the fourth factor weighs against dismissal. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002).

The final factor requires the Court to consider the availability of less drastic sanctions. Plaintiff was given ample time to respond to Defendants' motions, which were filed more than two months ago. The Court explicitly warned Plaintiff that failure to respond could result in the granting of the motions (Doc. 27). Plaintiff nonetheless failed to respond to any of the three motions or move for an extension. Thus, in weighing this last factor, the Court finds that dismissal is appropriate.

In sum, the five-factor analysis supports dismissal for failure to respond to Defendants' motions. The Court's decision to grant the motions in these circumstances is further supported by the fact that it is premised upon a local rule that expressly permits the Court to summarily grant unopposed motions. Ghazali, 46 F.3d at 53 ("Only in rare cases will we question the exercise of discretion in connection with the application of local rules") (quoting United States v. Warren, 601 F.2d 471, 474 (9th Cir. 1979).

Defendants' Motions to Dismiss and Supplemental Motion to Dismiss will therefore be granted based on Plaintiff's failure to respond. See LRCiv 7.2(I).

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to McCraw's Motion to Dismiss (Doc. 25) and Supplemental Motion to Dismiss (Doc. 28), and Dr. Friedman and Maricopa County's Motion to Dismiss (Doc. 26).

(2) McCraw's Motion to Dismiss (Doc. 25) and Supplemental Motion to Dismiss (Doc. 28), and Friedman and Maricopa County's Motion to Dismiss (Doc. 26) are **granted**; Plaintiff's Second Amended Complaint is dismissed with prejudice.

(3) The Clerk of Court must enter judgment of dismissal accordingly.

DATED this 7th day of October, 2011.

_____
Robert C. Broomfield
Senior United States District Judge